```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


JAMES C. DONOVAN,                    )
                                     )    2:07-cv-02160-GEB-DAD
              Plaintiff,             )
                                     )
         v.                          )    STATUS (PRETRIAL
                                     )    SCHEDULING) ORDER
AMERICAN CAPITAL GROUP, INC., a      )
Washington Corporation; AMERICAN     )
PROPERTY DEVELOPMENT, INC., a        )
Washington Corporation; AMERICAN     )
CAPITAL HOMES, INC., a Washington    )
Corporation; and DOES 1 through      )
20, inclusive,                       )
                                     )
              Defendants.            )
                                     )
```

         The status (pretrial scheduling) conference was held on February 4, 2008. Plaintiff's counsel, James Cahalan, and Defendants' counsel, Kenneth O'Brien, were present.

         SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

         If Plaintiff fails to effect service of process on Defendant, American Capital Group, Inc. on or before February 11, 2008, that defendant may be dismissed from this action without prejudice under Federal Rule of Civil Procedure 4(m). To avoid

1  dismissal, a proof of service shall be filed for Defendant American
2  Capital Group, Inc. no later than February 11, 2008.
3         If Plaintiff believes it has good cause to justify extension
4  of Rule 4(m)'s 120-day service period for Defendant American Capital
5  Group, Inc., it shall file a declaration no later than February 11,
6  2008, showing good cause why American Capital Group, Inc. should not
7  be dismissed without prejudice.
8         Additionally, the parties' Joint Status Report ("JSR')
9  indicates that "Plaintiff expects that the identities of any 'Doe'
10 defendants should be discovered by August 4, 2008."  Plaintiff has
11 sixty days from the date on which this order is filed to file a motion
12 in which leave is sought under Federal Rule of Civil Procedure 15(a)
13 to file an Amended Complaint which could add a party to this action.
14 The motion must be noticed for hearing on the Court's earliest
15 available law and motion date.  If leave is not sought as stated, this
16 will automatically effectuate dismissal of Does 1 through 20 from this
17 action.
18         No further service, joinder of parties or amendments to
19 pleadings is permitted, except with leave of Court, good cause having
20 been shown.
21                              DISCOVERY
22         All discovery shall be completed by January 23, 2009.  In
23 this context, "completed" means that all discovery shall have been
24 conducted so that all depositions have been taken and any disputes
25 relative to discovery shall have been resolved by appropriate orders,
26 if necessary, and, where discovery has been ordered, the order has
27
28

been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before August 22, 2008, and with any rebuttal expert disclosure authorized under the Rule on or before September 22, 2008.

### MOTION HEARING SCHEDULE

The last hearing date for motions shall be March 23, 2009, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1               (1)   The Court is presented with newly discovered evidence
2    that could not reasonably have been discovered prior to the filing of
3    the party's motion or opposition papers;
4               (2)   The Court committed clear error or the initial decision
5    was manifestly unjust; or
6               (3)   There is an intervening change in controlling law.
7    A motion for reconsideration based on newly discovered evidence shall
8    set forth, in detail, the reason why said evidence could not
9    reasonably have been discovered prior to the filing of the party's
10   motion or opposition papers.  Motions for reconsideration shall comply
11   with Local Rule 78-230(k) in all other respects.
12            The parties are cautioned that an untimely motion
13   characterized as a motion in limine may be summarily denied.  A motion
14   in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

16            The final pretrial conference is set for May 18, 2009, at
17   2:30 p.m.  The parties are cautioned that the lead attorney who WILL
18   TRY THE CASE for each party shall attend the final pretrial
19   conference.  In addition, all persons representing themselves and
20   appearing in propria persona must attend the pretrial conference.
21            The parties are warned that non-trialworthy issues could be
22   eliminated *sua sponte* "[i]f the pretrial conference discloses that no
23   material facts are in dispute and that the undisputed facts entitle
24   one of the parties to judgment as a matter of law."  Portsmouth Square
25   v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
26   ///
27   ///
28   ///

4

1  The parties shall file a <u>JOINT</u> pretrial statement no later
2  than seven (7) calendar days prior to the final pretrial conference.[3]
3  The joint pretrial statement shall specify the issues for trial and
4  shall estimate the length of the trial.[4]  The Court uses the parties'
5  joint pretrial statement to prepare its final pretrial order and could
6  issue the final pretrial order without holding the scheduled final
7  pretrial conference.  See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th
8  Cir. 1999) ("There is no requirement that the court hold a pretrial
9  conference.").  The final pretrial order supersedes the pleadings and
10 controls the facts and issues which may be presented at trial.  Issues
11 asserted in pleadings which are not preserved for trial in the final
12 pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health</u>
13 <u>Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
14 not preserved in the pretrial order are eliminated from the action.");
15 <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)
16 (indicating that an issue omitted from the pretrial order is waived,
17 even if it appeared in the pleading); cf. <u>Raney v. Dist. of Columbia</u>,
18 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
19 to allow assertion of a previously-pled statute of limitations
20 defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D.
21 La. 1984) (indicating that "[a]ny factual contention, legal

---

[3]  The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4]  **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for August 18, 2009, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

**Dated:  February 8, 2008**

_____
**GARLAND E. BURRELL, JR.
United States District Judge**