IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES C. DONOVAN,

    Plaintiff,

    v.

AMERICAN CAPITAL GROUP, INC., et al.,

    Defendants.

No. CIV S-07-2160 GEB DAD

ORDER

/

    The parties have proposed a stipulated protective order re "claw-back" agreement. Paragraphs 5 and 6 of the proposed order provide that a party who receives inadvertently produced documents that are subject to a legally recognized claim of privilege shall or may present the information to the Court, under seal, for a determination of the claim of privilege.

    All documents filed with the court are presumptively public.[1] See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1

documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211.

Stipulations and motions for entry of a protective order must show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, show why the need for protection should be addressed by court order as opposed to a private agreement between or among parties, and describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose

<u>Mercury News</u>, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"). Just as the court will not enter a discovery order or protective order that enables the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed, the court will also not approve an order giving blanket authority to the parties to designate what will be filed under seal.

      Here, the stipulated protective order proposed by the parties would give the parties blanket authority to file documents under seal. The request for entry of the proposed order will be denied without prejudice to the submission of an amended stipulation and proposed order that cures this defect. The parties may, of course, agree that a privileged document inadvertently produced in discovery may be submitted to the court with a proposed sealing order in conformity with Local Rule 39-141, pending a determination of the claim of privilege by appropriate motion.

      Accordingly, IT IS ORDERED that the parties' June 11, 2008 stipulated protective order (#20) is denied without prejudice.

DATED: June 12, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\donovan2610.mpo