1  Kenneth R. O'Brien, Bar No. 072128
   Aaron D. Crews, Bar No. 235381
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way
   Suite 390
4  Sacramento, CA  95833.4227
   Telephone:    916.830.7200
5
   Attorneys for Defendants
6  AMERICAN PROPERTY DEVELOPMENT, INC.,
   AMERICAN CAPITAL HOMES, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  JAMES C. DONOVAN, | Case No.  2:07-CV-02160-GEB-DAD |
| 11             Plaintiff, | **STIPULATION AND ORDER RE "CLAW-BACK" AGREEMENT** |
| 12        v. | Complaint Filed:  September 7, 2007 |
| 13  AMERICAN CAPITAL GROUP, INC., a Washington Corporation, AMERICAN | Trial Date:  August 18, 2009 |
| 14  PROPERTY DEVELOPMENT, INC., a Washington Corporation, AMERICAN | |
| 15  CAPITAL HOMES, INC., a Washington Corporation, ROGER WILLIAM KUULA, | |
| 16  an individual, GREG BORREGO, an individual, and DOES 1 through 20, | |
| 17  inclusive, | |
| 18             Defendants. | |

19

20         The Parties, by and through their respective Counsel, pursuant to FRCP 26(b)(5), do

21  hereby agree and stipulate as follows:

22         The parties anticipate they will produce a substantial number of documents in

23  electronic format in this matter.  Despite their best efforts to remove from these productions

24  documents subject to the attorney-client privilege, the attorney work-product doctrine, and other

25  legally recognized privileges, the parties recognize that given the volume of documents to be

26  produced and the electronic format in which they were received and will be produced, it is virtually

27  impossible, without the expenditure of an unreasonable amount of resources, to ensure that every

28  document subject to a claim of privilege or the attorney work-product doctrine will not be produced.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

FIRMWIDE:85518800.1 037725.1011

STIPULATION AND ORDER RE CLAW-BACK AGREEMENT

**Accordingly, the parties do hereby agree and stipulate as follows**:

1. The parties will take reasonable steps, including a reasonable review of the documents to be produced prior to production, to ensure that all electronic documents and information subject to a legally recognized claim of privilege are removed from the documents to be produced to the opposing party prior to production.

2. The inadvertent production of information subject to a legally recognized claim of privilege to an opposing party shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege, work-product or other ground for withholding production of such information to which the Producing Party would otherwise be entitled.

3. If any document produced by a party is on its face subject to the attorney-client privilege or the attorney work-product doctrine, the Receiving Party shall immediately notify the Producing Party that it has discovered documents believed to be privileged, identify the documents by bates number range or hash value range, and will return all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within 14 days of their discovery by the Receiving Party. The Receiving Party shall confirm in writing to the Producing Party that it has complied with the foregoing provisions.

4. If the Producing Party intends to assert a claim of privilege over documents identified and returned by the Receiving Party pursuant to Paragraph 3 hereinabove, the Producing Party shall, within 5 court days of Receiving Party's notification, inform the Receiving Party of such intention in writing and provide Receiving Party an updated privilege log, reflecting the claimed privilege and the basis for it, pursuant to Federal Rule of Civil Procedure 26 (b)(5)(A).

5. The Receiving Party's return of such privileged documents shall not act as a waiver of that Party's right to seek the returned documents via discovery on grounds the documents are not in fact subject to a viable claim of privilege. Nor will it act as a waiver of the Receiving Party's right to seek to compel the production of the returned documents. However, the Receiving Party is prohibited and estopped from arguing the Producing Party's inadvertent production of the documents in this matter acts as a waiver of applicable privileges. The parties agree that a privileged document inadvertently produced in discovery may be submitted to the court with a proposed sealing

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

(NO.   )
FIRMWIDE:85518800.1 037725.1011

2.

STIPULATION AND ORDER RE CLAW-BACK AGREEMENT

order in conformity with Local Rule 39-141, pending a determination of the claim of privilege by appropriate motion.

6. If, during the course of this litigation, a Producing Party determines it has inadvertently produced a document protected from discovery by a legally recognized claim of privilege or the application of the attorney work-product doctrine, the Producing Party may notify the Receiving Party of such inadvertent production in writing. The Producing Party's written notice shall identify the document inadvertently produced by bates number range or hash value range, the privilege claimed, and the basis for the assertion of the privilege. It shall also demand the return of the inadvertently produced documents. After receiving such written notification, the Receiving Party must promptly return the specified information and any copies it has, along with any notes, abstracts or compilations of the content thereof; must not use or disclose the information until the claim of privilege is resolved by the parties or the Court, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it to third parties before being notified of its privilege and/or protected status. The parties agree that a privileged document inadvertently produced in discovery may be submitted to the court with a proposed sealing order in conformity with Local Rule 39-141, pending a determination of the claim of privilege by appropriate motion. However, if the Receiving Party presents the information to the Court for a determination of the claim of privilege, the Receiving Party is prohibited and estopped from arguing the Producing Party's inadvertent production of the documents in this matter acts as a waiver of applicable privileges.

7. Upon the return of privileged documents inadvertently produced, the Producing Party will, within 5 days of receiving the returned documents, provide Receiving Party an updated privilege log, reflecting the claimed privilege and the basis for it, pursuant to Federal Rule of Civil Procedure 26 (b)(5)(A).

/////

/////

/////

/////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

(NO.  )
FIRMWIDE:85518800.1 037725.1011

3.

STIPULATION AND ORDER RE CLAW-BACK AGREEMENT

**IT IS SO STIPULATED**:

Dated: June 13, 2008

/s/
JAMES T. CAHALAN
CAHALAN & ASSOCIATES
Attorneys for Plaintiff
JAMES C. DONOVAN

Dated: June 13, 2008

/s/
Kenneth R. O'Brien
Aaron D. Crews
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN PROPERTY DEVELOPMENT, INC., AMERICAN CAPITAL HOMES, INC., ROGER KUULA, GREG BORREGO

**IT IS SO ORDERED**:

DATED: June 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/donovan2160.stipord(2)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

(NO.  )
FIRMWIDE:85518800.1 037725.1011

4.

STIPULATION AND ORDER RE CLAW-BACK AGREEMENT