UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. DONOVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN PROPERTY DEVELOPMENT,<br>INC., a Washington corporation;<br>AMERICAN CAPITAL HOMES, INC., a<br>Washington corporation; ROGER<br>WILLIAM KUULA, an individual;<br>GREG BORREGO, an individual,<br><br>        Defendants. | 2:07-cv-02160-GEB-DAD<br><br><br>ORDER |

On August 27, 2008, Defendants filed an ex parte application for an order shortening time so that a ruling could be issued on Defendants' motion to amend the expert disclosure dates provided in the July 10, 2008, Status (Pretrial Scheduling) Order. Defendants indicate in their application that the expert disclosure dates in the Scheduling Order were never practicable dates; however, Defendants did not make this position clear in the Joint Status Report, which contains Plaintiff's proposed expert disclosure dates which were adopted and prescribed in the July 10 Scheduling Order; nor did Defendants explain why Plaintiff's

1  proposed expert disclosure dates should not have been adopted.
2  Since Defendants had an "obligation to collaborate with the
3  district court *ab initio* in fashioning adequate case management
4  . . . [scheduling deadlines and] procedures," and failed to
5  fulfill that obligation, they should now "bear the reasonably
6  foreseeable consequences for their failure to do so."  In re San
7  Juan Dupont Plaza Hotel Fire Litigation, 111 F.3d 220, 228 (1st
8  Cir. 1997).

9  Further, before Defendants could prevail on their
10 application, they must set forth in an affidavit of counsel "the
11 circumstances claimed to justify the issuance of an order
12 shortening time . . . [,which constitutes a] satisfactory
13 explanation for the need for the issuance of such an order . . . "
14 L.R. 6-144(e).  Absent this showing, no reason would exist to allow
15 the applicants to disregard the prescribed manner for handling law
16 and motion matters.  To hold otherwise could allow

> ex parte applications [to] contravene the
> structure and spirit of the Federal Rules of
> Civil Procedure and the Local Rules of this
> court.  Both contemplate that noticed motions
> should be the rule and not the exception.

>       Timetables for the submission of responding
>       papers and for the setting of hearings are
>       intended to provide a framework for the fair,
>       orderly, and efficient resolution of disputes.
>       Ex parte applications throw the system out of
>       whack.  They impose an unnecessary
>       administrative burden on the court and an
>       unnecessary adversarial burden on opposing
>       counsel who are required to make a hurried
>       response under pressure, usually for no good
>       reason.  They demand priority consideration,
>       where such consideration is seldom deserved.
>       In effect, they put the applicant "ahead of the
>       pack," without cause or justification.
>       Ex parte applications are not intended to save
>       the day for parties who have failed to present
>       requests when they should have, and should not
>       be used as a way to "cut in line" ahead of
>       those litigants awaiting determination of their
>       properly noticed and timely filed motions.

<u>In re Intermagnetics America, Inc.</u>, 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989).

Nor are such ex parte applications proper for counsel who fail to provide meaningful scheduling information in a Joint Status Report, and who later complain about scheduling dates that could have been different had counsel provided a cogent explanation earlier.  Nevertheless, it appears that scheduling in this action can be modified in a manner that avoids further litigation on when experts should be disclosed.[1]

Therefore, the Rule 16 Scheduling Order filed July 10, 2008, is modified as follows:

(1)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure on or before November 17, 2008;

---

[1] Because of the below modifications, it is unlikely that a settlement conference supervised by a federal judge will be scheduled in this action.

             (2)  Each party shall comply with rebuttal expert disclosures authorized under Federal Rule of Civil Procedure 26(a)(2) on or before December 22, 2008;

             (3)  discovery shall be completed by March 18, 2009;

             (4)  the last hearing date for motions shall be May 18, 2009, at 9:00 a.m.; and

             (5)  the final pretrial conference is set for July 20, 2009, at 11:00 a.m.

             Since this ruling moots the motion to amend scheduled for hearing on October 6, 2008, that motion is denied as moot, and that hearing is vacated.

             IT IS SO ORDERED.

Dated:  August 27, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge