IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. DONOVAN, ) | |
| ) | 2:07-cv-02160-GEB-DAD |
| Plaintiff, ) | |
| ) | |
| v. ) | FINAL PRETRIAL ORDER |
| ) | |
| AMERICAN PROPERTY DEVELOPMENT, ) | |
| INC., a Washington Corporation; ) | |
| AMERICAN CAPITAL HOMES, INC., a ) | |
| Washington Corporation; ) | |
| ROGER WILLIAM KUULA, an individual;) | |
| GREG BORREGO, an individual, ) | |
| ) | |
| Defendants. ) | |

In light of the Joint Pretrial Conference Statement filed July 13, 2009 ("JPS"), the Final Pretrial Conference scheduled for July 20, 2009 is vacated. The JPS reveals all issues will be tried to a jury except Plaintiff's injunction claims. Although Plaintiff states his injunction claims will be tried to a jury, this will not occur since Defendants indicate the judge should decide those claims. However, Plaintiff has not shown he has standing to pursue most of the injunctive relief claims in his complaint, and shall clearly show in proposed findings and conclusions of law his standing and basis for seeking any injunctive relief.

The parties do not address whether a jury has to decide any factual dispute involved with an injunction claim. Absence waiver of a jury trial, a jury is required to decide a factual

dispute when the legal and equity issues "are closely related factually." Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1057 (9th Cir. 1997); Hilton v. Mumaw, 522 F.2d 588, 598 (9th Cir. 1975) (stating since state fraud claims must "go to the jury, [the] equitable claims must also await the jury's decision, at least as to the factual questions common to both").

## I. DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than 4:30 p.m. on July 24, 2009. An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than 4:30 p.m. on July 31, 2009. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.

## II. Trial Briefs

In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

    1. The elements of each of Plaintiff's pleaded claims that will be tried.

    2. The elements of each of Defendants' pleaded affirmative that will be tried.

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than August 4, 2009. Trial brief(s) shall include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." Local Rule 16-285(a)(3).

III.  WITNESSES[1]

A.  Plaintiff anticipates calling the witnesses listed on Attachment A to the JPS.

B.  Defendant anticipates calling the witnesses listed on Attachment B to the JPS.

C.  Each party may call a witness designated by the other.

D.  No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E.  If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

---

[1] This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

    (3) If time permitted, counsel offered the witness for deposition; and

    (4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

## IV.  EXHIBITS[2]

A. Plaintiff anticipates offering the exhibits listed on Attachment C to the JPS.

B. Defendant anticipates offering the exhibits listed on Attachment D to the JPS.

C. No other exhibits will be permitted to be introduced unless:

  (1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

  (2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

D. Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

  (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

---

[2] This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.  Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least eleven (11) court days prior to the date on which trial commences, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within six (6) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[3]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.  A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

/ / /

---

[3]  The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

1  Counsel shall produce all exhibits to the Clerk's Office
2  no later than 4:00 p.m. on the Friday before the date on which
3  trial is scheduled to commence.  At that time, the parties shall
4  also furnish the Court with a copy of each exhibit, unless the
5  exhibit is physically incapable of being reproduced.  Failure to
6  produce exhibits as ordered could result in waiver of the right to
7  offer those exhibits.  Each party submitting exhibits shall furnish
8  a list to the Court, the courtroom deputy and opposing counsel
9  itemizing the exhibits.

10  V.   SEPARATE TRIAL OF ISSUES

11  The trial will be conducted in two phases: liability and
12  punitive damages.  If the jury finds punitive damages are
13  recoverable in the liability phase, trial on the amount of punitive
14  damages will immediately occur.  During the first phase of the
15  trial, the jury will be given a liability instruction on punitive
16  damages with the other closing instructions.  Further the verdict
17  form will include a liability question on punitive damages.  If the
18  jury finds Plaintiff recovers punitive damages, then evidence
19  pertinent to the amount of punitive damages would be presented in
20  the second phase of the trial, following which the parties would
21  present closing argument on that issue, and the applicable punitive
22  damages instruction would be given.  The jury would then deliberate
23  on the issue and fill in a punitive damages verdict form.

24  VI.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

25  The parties shall meet and confer (through any means) for
26  the purpose of trying to agree upon a joint set of jury
27  instructions and verdict form(s). Jury instructions, proposed voir
28  dire, and verdict form(s) shall be filed no later than August 4,

2009.  As to instruction(s) on which there is dispute, the parties shall adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instructions, with authority supporting the instruction(s), and shall number the disputed instruction(s) in a manner that shows where it should be placed in the tendered agreed upon instructions.  Failure to submit a timely jury instruction on an issue, claim and/or defense could be deemed waiver of that issue, claim and/or defense without further notice to a party.

<u>At the time of electronically filing the jury instructions and verdict forms, the parties shall also email these filings to geborders@caed.uscourts.gov</u>

Each side is granted twenty (20) minutes to conduct voir dire following the Court's examination of prospective jurors.

VII.   <u>PROPOSED FINDINGS AND CONCLUSIONS</u>

Each party shall submit proposed prevailing party findings and conclusions of law on any claim the judge is required to decide ten (10) court days before the trial commencement date. <u>FAILURE TO DO SO DISMISSES, WAIVES, OR ABANDONS THAT ISSUE, CLAIM OR DEFENSE.</u>

VIII.   <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

Eight jurors will be impaneled.  The "struck jury" system will be used to select the jury.[4]  At the beginning of the voir

---

[4] As explained in <u>United States v. Blouin</u>, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors
(continued...)

7

dire process, approximately eighteen prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire. The order of the jurors' random selection is reflected by the order in which they will be seated. The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom. The eighth juror will be in the eighth seat. The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row. The fifteenth seat will be in the left-hand side of that row. Three chairs will be placed in front of the jury box. The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left. The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

     Following the voir dire questioning, each side will take turns exercising its three allotted peremptory strikes. If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.

/ / /

---

[4](...continued)
from the group. Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

IX. <u>ATTORNEYS FEES</u>

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

X. <u>TRIAL DATE</u>

Trial to a jury will commence on August 18, 2009. A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m. At the first phase of the trial, each side has twenty (20) minutes within which to make an opening statement to the jury and ninety (90) minutes within which to make a closing argument. If trial proceeds to the second phase, each side has fifteen (15) minutes within which to make a closing argument on the punitive damage issue. Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated: July 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge