Kenneth R. O'Brien, Bar No. 072128
Aaron D. Crews, Bar No. 235381
LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
Telephone:    916.830.7200

Attorneys for Defendants
AMERICAN PROPERTY DEVELOPMENT, INC.,
AMERICAN CAPITAL HOMES, INC., ROGER
KUULA, GREG BORREGO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES C. DONOVAN,

                    Plaintiff,

          v.

AMERICAN CAPITAL GROUP, INC., a
Washington Corporation, AMERICAN
PROPERTY DEVELOPMENT, INC., a
Washington Corporation, AMERICAN
CAPITAL HOMES, INC., a Washington
Corporation, ROGER KUULA, an
individual, GREG BORREGO, an
individual, and DOES 1 through 20,
inclusive,

                    Defendants.

Case No.  2:07-CV-02160-GEB-DAD

**DEFENDANTS' MOTION *IN LIMINE*
NUMBER 5 TO EXCLUDE IMPROPER
CHARACTER EVIDENCE RE
DEFENDANT KUULA; [PROPOSED]
ORDER THEREON**

**(DEFENDANTS NO. 5 OF 6)**

Complaint Filed:  September 7, 2007
First Amended Complaint:  May 23, 2008

Trial Date:  August 18, 2009

**TO PLAINTIFF JAMES C. DONOVAN AND HIS ATTORNEY OF RECORD:**

          PLEASE TAKE NOTICE that pursuant to the Court's Final Pretrial Order, filed on

July 17, 2009, Defendants American Property Development, Inc., American Capital Homes, Inc.,

Roger William Kuula, and Greg Borrego ("Borrego") (collectively, "Defendants") hereby file their

fifth of Six Motions *in Limine*, and move this Court for an order precluding Plaintiff, Plaintiff's

counsel, and Plaintiff's witnesses from introducing into evidence or referring to at trial any

testimony, evidence or argument concerning improper evidence of Kuula's character.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:91038942.1 037725.1011                    1.                    Case No. 2:07-CV-02160-GEB-DAD

DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE IMPROPER CHARACTER EVIDENCE; [PROPOSED] ORDER

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    PRELIMINARY STATEMENT**

Defendants move *in limine* to preclude Plaintiff, his counsel and witnesses from introducing improper evidence of Kuula's character, including evidence that he allegedly fired or wanted to fire other employees for improper reasons. The character evidence is not "at issue" in this action, is not relevant to show character for truthfulness, and constitutes inadmissible extrinsic evidence of character. Further, the evidence must be barred under Federal Rule of Evidence ("Rule") 403.

**B.    APPLICATION**

1.    **Statement of Relevant Facts**

In her deposition taken on July 11, 2008, Alison Rodgers, the former Human Resources Director for all of the American Capital Group related entities, made a number of accusations regarding Kuula's past conduct toward employees other than Plaintiff. She testified that Kuula, who is one of the owners of all of the American Capital Group related entities, either wanted to fire or fired several employees, other than Plaintiff, for improper reasons. She accused Kuula of firing employees who had biracial children, single mothers, a man who was in a diabetic coma, and a woman who announced she was pregnant. Collectively, these accusations are herein referred to as "the Character Evidence."

2.    **Kuula's  Character is Not "In Issue" in this Action under Rule 405.**

The Character Evidence is not admissible under Rule 405(b) because Kuula's character is not "in issue" in this action. *See* Fed. R. Evid. 405(b). Character evidence is not considered "in issue" unless it is an essential element of the case; in other words, character evidence is not admissible unless proof of the person's character *by itself* satisfies an element of a charge, claim or defense. *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995).

In this action, Kuula's character is not an essential element of any charge, claim or defense. Kuula's character is not an essential element of Plaintiff's claim for breach of contract or breach of the covenant of good faith and fair dealing. Neither is Kuula's character an essential element of Plaintiff's claims for wrongful termination in violation of public policy, or for unlawful

business practices under California Business & Professions Code section 17200.  Finally, Kuula's character is not an essential element of Plaintiff's defamation claim.  In fact, a party's character is "rarely an 'essential element' of a claim or defense."  Weil & Brown, *Fed. Civ. Trs. & Evid.* (The Rutter Group) ¶ 8:1145.  For example, a party's character is in issue where a plaintiff seeks to prove his reputation was damaged as part of a defamation action.  *See World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1138 (10th Cir. 2006).  Likewise, a vehicle driver's character is in issue when offered in a negligent entrustment action to show a person knew or should have known about the driver's incompetence.  *See Breeding v. Massey*, 378 F.2d 171, 178 (8th Cir. 1967).  But none of Plaintiff's claims or defenses likewise require proof of Kuula's character.  Accordingly, the Character Evidence is not admissible under this Rule.

3.     **The Character Evidence Here is Not Relevant to Show Character for Truthfulness under Rule 608.**

Under Federal Rule of Evidence 608, a witness's credibility may be attacked by evidence that "refer[s] only to [the witness'] character for truthfulness or untruthfulness . . . ."  Fed. R. Evid. 608(a).

First, nothing about the Character Evidence pertains to Kuula's character for truthfulness or untruthfulness.  If anything, such unfounded and false implications and accusations would be totally irrelevant to any claim or defense herein, and would only be used by Plaintiff for the purpose of falsely smearing Kuula with claims of various alleged biases, such as a racial or gender bias.  The performance issues relating to other employees wholly unconnected to Plaintiff, the reasons for personnel actions taken with respect to them, and whether or not Kuula wanted to fire and/or fired any employees for improper reasons does not concern his character for truthfulness or untruthfulness.  *See United States v. Dickens*, 775 F.2d 1056, 1058 (9th Cir. 1985) (holding trial court improperly admitted character evidence under Rule 608 that "did not bear on [the witness's] truthfulness").

Further, Rule 608(b) states that "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, . . . may not be proved by extrinsic evidence."  Fed. R. Evid. 608(b).  The Character Evidence here is a series of specific

1    instances of Kuula's alleged conduct.  Therefore, Plaintiff and all of his witnesses must be prohibited

2    from testifying regarding the Character Evidence.

3                    Accordingly, the Character Evidence is not admissible under Rule 608.

4           4.      **All Evidence Regarding Kuula's Character is Barred by Rule 403.**

5                    Even if the Character Evidence were somehow otherwise admissible, it should be

6    barred by Rule 403.  Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if

7    its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

8    issues, or delay, waste of time, or needless presentation of cumulative evidence."

9                    In this action, the Character Evidence has no probative value.  It is not relevant to any

10   issue in this action.  Plaintiff alleges he was fired because of his refusal to sign a non-competition

11   agreement.  The Character Evidence pertains to alleged past discrimination against other employees

12   on the basis of their race, marital status, pregnancy, or medical condition.  There is no logical

13   connection between the Character Evidence and the issues in this case, and thus no probative value.

14                   On the other hand, the Character Evidence would create a substantial danger of unfair

15   prejudice, confusing the issues, delaying the trial, and wasting time.  In *Manuel v. City of Chicago*,

16   the Seventh Circuit upheld a trial court's decision in a race discrimination action to exclude, under

17   Rule 403, evidence of other acts of discrimination against other employees.  335 F.3d 592, 597 (7th

18   Cir. 2003).  The Circuit held that such evidence created a "significant" potential for "confusing or

19   even misleading the jury by engaging in a series of mini-trials over the other accusations of

20   discrimination" by the employer.  *Id.*  Admitting evidence of the other acts of discrimination would

21   have produced arguments over the truthfulness of those allegations, "necessarily shifting the focus of

22   the trial from" the plaintiff's allegations to the other alleged discriminatory acts.  *Id.*

23                   Likewise, in this case, admitting the Character Evidence would force Defendants to

24   dispute the alleged instances of improper firing of employees, creating mini-trials that would confuse

25   the issues and waste time.  Moreover, the evidence may create an unfair prejudice against

26   Defendants based on accusations that have nothing to do with this case and have not been proven to

27   be true.

28

1   Accordingly, the Character Evidence should be barred by Rule 403, as its prejudicial

2   effects substantially outweigh any probative value.

3   **C.**    **CONCLUSION**

4   For the foregoing reasons, Defendants ask that this Court preclude Plaintiff, his

5   counsel and witnesses from introducing improper evidence of Kuula's character, including evidence

6   that he allegedly fired or wanted to fire other employees for improper reasons.

7

8   Dated: July 24, 2009

9

10                                    /s/_____
                                      Kenneth R. O'Brien
11                                    Aaron D. Crews
                                      LITTLER MENDELSON
12                                    A Professional Corporation
                                      Attorneys for Defendants
13                                    AMERICAN PROPERTY DEVELOPMENT,
                                      INC., AMERICAN CAPITAL HOMES, INC.,
14                                    ROGER KUULA, GREG BORREGO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE IMPROPER CHARACTER EVIDENCE; [PROPOSED] ORDER

1

## <u>ORDER</u>

IT IS HEREBY ORDERED that, after full consideration of the points and authorities filed by Defendants American Property Development, Inc., et al., Defendants' motion for an order excluding improper character evidence is GRANTED.  Plaintiff, his counsel and witnesses are prohibited from introducing improper evidence of or testifying about Kuula's character, including evidence that he allegedly fired or wanted to fire other employees for improper reasons.

Dated: _____

_____
HON. GARLAND E. BURRELL, JR.
United States District Judge